UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAE WON KIM,<br><br>         Plaintiff,<br><br>- against -<br><br>STAR HYUNDAI, LLC, ZACHARY LINTZ and PHILLIP ROBINSON in their individual capacities as aiders and abettors,<br><br>         Defendants. | COMPLAINT<br><br>Case No.: _____<br><br>JURY TRIAL DEMANDED |

Plaintiff, **TAE WON KIM**, by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary and affirmative relief based upon the Corporate Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), 42 U.S.C. § 2000e, *et seq.*, and Corporate Defendant's violations of the New York State Human Rights Law, Executive Law § 296, *et seq.* (hereinafter "NYSHRL"), the New York City Human Rights Law, NYC ADMIN. CODE §8-107, *et seq.* (hereinafter "NYCHRL") and violations of NYSHRL § 296(6) by Zachary Lintz and Phillip Robinson in their individual capacities as aiders and abettors.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1337 and 1367. This Court has jurisdiction over

        all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1367, because the unlawful discriminatory conduct occurred within this judicial district.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of an order of dismissal dated November 30, 2020.

### III. PARTIES

6. Plaintiff, **TAE WON KIM**, was at all time relevant herein, a domiciliary of the State of New York, residing in Queens County.

7. At all times relevant to the Complaint, Plaintiff is a "person" within the meaning of 42 U.S.C. § 2000e(a), NYSHRL § 292(1) and NYCHRL § 8-102.

8. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e(f) and NYSHRL § 292(6).

9. Upon information and belief, Defendant **STAR HYUNDAI, LLC.** (hereinafter "Defendant") is a domestic business corporation authorized to do business in the State of New York with its primary place of business at 201-16 Northern Boulevard, Bayside, New York 11361.

2

10. Upon information and belief, at all times relevant herein, Star Hyundai, LLC has been an "employer" within the meaning of 42 U.S.C. § 2000e(b), NYSHRL § 292(5), and NYCHRL § 8-102.

11. Upon information and belief, at all times relevant herein Star Hyundai, LLC employed more than fifteen (15) employees.

12. Upon information and belief, at all times relevant herein, individual Defendant Zachary Lintz is a resident of the State of New York.

13. Upon information and belief, at all times relevant herein, individual Defendant Phillip Robinson is a resident of the State of New York.

14. Upon information and belief, at all times relevant herein, Zachary Lintz is an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f) and NYSHRL § 292(6).

15. Upon information and belief, at all times relevant herein, Phillip Robinson is an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f) and NYSHRL § 292(6).

### IV. BACKGROUND FACTS

14. Plaintiff is a 49-year-old male who resides in Queens County, NY. Plaintiff's date of birth is February 10, 1972.

15. Plaintiff began his employment with the Corporate Defendant in or around late March 2017 as a commissioned salesperson. In this capacity, Plaintiff was responsible for selling used and new vehicles.

3

16. Plaintiff was hired by Zachary Lintz, General Manager and Phillip Robinson, Manager.

17. Throughout Plaintiff's term of employment, he consistently performed the essential functions of his position in a more than satisfactory manner.

18. Despite Plaintiff's established record of performance throughout his term of employment, he was subject to unlawful discriminatory comments.

19. Mr. Lintz consistently made reference to Plaintiff's race and national origin.

20. Amongst other comments, Mr. Lintz: 1) called Plaintiff a "gook", 2) told Plaintiff that he could not drive because he was Asian, 3) made reference to what Mr. Lintz believes to be Plaintiff's slanted eyes and limited field of vision, 4) accused Plaintiff of eating dog, and 5) referred to Plaintiff's skin tone as being yellow.

21. These comments occurred not less than one time per week during each year of Plaintiff's employment, including in 2019.

22. These comments were uttered in front of Plaintiff's co-workers and peers.

23. The Corporate Defendant does not maintain anti-discrimination policies.

24. Plaintiff never received an employee manual, nor was Plaintiff ever advised of the individual to whom he could bring complaints of unlawful discrimination.

25. Since Mr. Lintz was the highest-ranking employee on-site, there was no possibility of lodging a complaint.

26. In early March 2019, while negotiating a vehicle sale with a customer, Plaintiff

4

approached Mr. Lintz seeking clarification of a price.

27. Despite conducting himself in a professional manner, Mr. Lintz berated Plaintiff in response to his inquiry and proceeded to make inappropriate comments about Plaintiff's race.

28. The altercation occurred in close proximity to the customer. Mr. Lintz's actions prevented Plaintiff from completing the sale in question.

29. In light of the foregoing, and based upon Defendant's interference of his interactions with customers, Plaintiff was constructively discharged.

30. Based upon the foregoing, Plaintiff was subjected to unlawful discrimination on the basis of race and national origin and was constructively discharged.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Title VII – Race and National Origin Discrimination as to
Corporate Defendant Star Hyundai, LLC)

31. Plaintiff repeats and realleges each and every allegation contained herein.

32. The Corporate Defendant discriminated against Plaintiff on the basis of race and national origin in violation of Title VII, in that the Corporate Defendant engaged in a course of conduct, as set forth above, which collectively resulted in Plaintiff being subjected to unlawful discrimination and continuous harassment.

33. Plaintiff was then constructively discharged.

34. As a proximate result of the Corporate Defendant's discrimination, Plaintiff

5

has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

35. As a further proximate result of the Corporate Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's harm in an amount to be determined at trial.

36. The conduct of the Corporate Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendant in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(NYSHRL – Race and National Origin Discrimination as to Corporate Defendant Star Hyundai, LLC)

37. Plaintiff repeats and realleges each and every allegation contained herein.

38. The Corporate Defendant discriminated against Plaintiff on the basis of his race and national origin in violation of NYSHRL, in that the Corporate Defendant engaged in a course of conduct, as stated above, which collectively resulted in Plaintiff being subjected to unlawful discrimination and continuous harassment.

39. Plaintiff was then constructively discharged.

40. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other

6

employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

41. As a further proximate result of the Corporate Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's harm in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(NYCHRL – Race and National Origin Discrimination as to Corporate Defendant Star Hyundai, LLC)

42. Plaintiff repeats and realleges each and every allegation contained herein.

43. The Corporate Defendant discriminated against Plaintiff on the basis of his race and national origin in violation of NYCHRL, in that the Corporate Defendant engaged in a course of conduct, as stated above, which collectively resulted in Plaintiff being subjected to unlawful discrimination and continuous harassment.

44. Plaintiff was then constructively discharged.

45. As a proximate result of the Corporate Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

46. As a further proximate result of the Corporate Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment,

humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's harm in an amount to be determined at trial.

47. The conduct of the Corporate Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from the Corporate Defendant in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
(NYSHRL - Aider and Abettor as to Defendant Zachary Lintz)

48. Plaintiff repeats and realleges each and every allegation contained herein.

49. The foregoing acts set forth above were aided and abetted by, and with the full knowledge and consent of Defendant Lintz, in violation of Section 296(6) of the NYSHRL.

50. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's harm in an amount to be determined at trial.

51. As a further proximate result of Defendant Lintz's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's harm in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(NYSHRL - Aider and Abettor as to Defendant Phillip Robinson)

52. Plaintiff repeats and realleges each and every allegation contained herein.

53. The foregoing acts set forth above were aided and abetted by, and with the full knowledge and consent of Defendant Robinson, in violation of Section 296(6) of the NYSHRL.

54. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's harm in an amount to be determined at trial.

55. As a further proximate result of Defendant Robinson's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's harm in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

56. Plaintiff repeats and realleges each and every allegation contained herein.

57. Plaintiff hereby demands a trial by jury.

WHEREFORE, as a result of the unlawful conduct and actions of Defendants as herein alleged, Plaintiff demands judgment:

1. Declaring Defendants violated the aforementioned statutes;

2. On the First Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be

determined at trial plus interest;

3. On the Second Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

4. On the Third Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

5. On the Fourth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

6. On the Fifth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

7. An award of punitive damages where allowed by statute;

8. Defendants be ordered to pay Plaintiff pre and post judgment interest;

9. With regard to all Claims for Relief, Defendants be ordered to pay the costs and disbursements of this action, including expert fees and disbursements and reasonable attorneys' fees; and

10. For such other and further relief as may be just and proper.

Dated: Bohemia, New York
February 11, 2020

                                  Respectfully submitted,

                                  **ZABELL & COLLOTTA, P.C.**
                                  *Attorneys for Plaintiff*

By: _____
                                  Christopher K. Collotta
                                  Saul D. Zabell
                                  1 Corporate Drive, Suite 103
                                  Bohemia, New York 11716
                                  Tel: (631) 589-7242
                                  Fax: (631) 563-7475
                                  CCollotta@laborlawsny.com
                                  SZabell@laborlawsny.com